961 F.2d 216
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Efren M. PEREZ, Plaintiff-Appellant,
v.
John HALLAHAN, Warden; Dr. Floyd, Defendants-Appellees.
 No. 91-15925.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1992.*
Decided April 24, 1992.
 
 Before FARRIS, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Efren Perez, an Arizona state prisoner, appeals pro se the district court's summary judgment in favor of the defendants in Perez's 42 U.S.C. § 1983 action. This court reviews de novo the district court's grant of summary judgment. Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 A grant of summary judgment should be affirmed only if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Id.
 
 
 4
 The moving party has the initial burden to show that there are no genuine issues of material fact. T.W. Elec. Serv. v. Pacific Elec. Contractor's Assoc., 809 F.2d 626, 632 (9th Cir.1987). The burden on the moving party may be discharged by pointing to portions of the pleadings, admissions, answers to the interrogatories, depositions, and affidavits, which show the absence of evidence to support the nonmoving party's case. Celotex v. Catrett, 477 U.S. 317, 325 (1986). Conclusory allegations unsupported by factual data are insufficient to defeat a summary judgment motion. List, 880 F.2d at 1044.
 
 
 5
 In his complaint, Perez alleged cruel and unusual punishment by the defendants for mistreating his medical needs in connection with his treatment for appendicitis. Perez also asserted that hispanics at the prison are often refused medical attention. There is one document in the record signed by several hispanics requesting medical attention. Perez requested an investigation into the treatment of hispanics at the prison by medical personnel, as well as money damages. Since this action has not been certified as a class action suit, and because Perez does not have standing to bring an action on behalf of his fellow prisoners, the only issue before this court is whether prison officials were deliberately indifferent to Perez's serious medical needs.
 
 
 6
 The eighth amendment proscription against cruel and unusual punishment prohibits prison officials from deliberately ignoring a prisoner's serious medical needs. See Estelle v. Gamble, 429 U.S. 104, 107 (1976). In meeting this burden, the plaintiff must show that the alleged misconduct constituted unnecessary and wanton infliction of pain. See Anthony v. Dowdle, 853 F.2d 741, 742 (9th Cir.1988) (quotations and citations omitted). Mere delay of surgery is insufficient unless the delay is shown to be harmful. Shapley v. Nevada Bd. of Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.1985). Mere indifference, medical malpractice, or negligence will not support a cause of action. Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir.1980).
 
 
 7
 The defendants have filed an affidavit indicating that Perez was examined by a medical assistant who found no signs indicating appendicitis. When he again complained of pain, he was re-examined by a physician who ordered blood work on Perez. The lab tests indicated the presence of an infection. A specialist was consulted, and hours later Perez was admitted to a hospital. The surgery was performed successfully without post-operative complications.
 
 
 8
 Although there was some delay between the time Perez complained of pain and his surgery, these facts do not constitute deliberate indifference to Perez's serious medical needs because no harm resulted from the delay. See Shapley, 766 F.2d at 407. Perez asserts that he complained about pain that was so bad he was doubled over and beginning to faint before doctors agreed to see him. These allegations, without more, do not rise to the level of an eighth amendment violation. See Broughton, 622 F.2d at 460 (mere indifference, medical malpractice, or negligence will not support a cause of action); List, 880 F.2d at 1044 (conclusory allegations unsupported by factual data are insufficient to defeat a summary judgment motion). Accordingly, the district court did not err in granting summary judgment in favor of the defendants. See List, 880 F.2d at 1044.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34 4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit R. 36-3