983 F.2d 1075
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James Gregory CASTILLO, Plaintiff-Appellant,
v.
Nancy HARTZELL, Defendant-Appellee.
 No. 92-35399.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 6, 1993.*
Decided Jan. 15, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Gregory Castillo, a Washington state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action as frivolous under 28 U.S.C. § 1915(d). The district court found that Castillo's amended complaint failed to show that the defendant, a registered nurse employed at the Washington State Penitentiary, was deliberately indifferent to Castillo's serious medical needs. Castillo contends that the district court abused its discretion by dismissing his eighth amendment claim. We have jurisdiction under 28 U.S.C. § 1291. See McGuckin v. Smith, 974 F.2d 1050, 1053-54 (9th Cir.1992).[1] We review for an abuse of discretion, Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992), and we affirm.
 
 
 3
 In forma pauperis complaints that are frivolous may be dismissed before service of process under 28 U.S.C. § 1915(d). Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous "where it lacks an arguable basis in law or fact." Id. at 325.
 
 
 4
 To state a section 1983 claim for failure to provide medical care, the prisoner must allege that the defendant's "acts or omissions [were] sufficiently harmful to evidence a deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976); Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir.1986), cert. denied, 481 U.S. 1069 (1987). "Such indifference may be manifested in two ways. It may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison officials provide medical care." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir.1988); see also Gamble, 429 U.S. at 104-05. The delay in medical treatment must have been harmful. See Shapely v. Nevada Bd. of State Prison Com'rs, 766 F.2d 404, 407 (9th Cir.1985); see also Gamble, 429 U.S. at 104 (the alleged indifference must rise to the level of "unnecessary and wanton infliction of pain"). A difference of opinion about treatment does not amount to a deliberate indifference to serious medical needs. See Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989). Mere indifference, medical malpractice, or negligence will not support a cause of action under the eighth amendment. See Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir.1980).
 
 
 5
 Here, Castillo's amended complaint alleges that on Friday, January 10, 1992, he injured his right ankle while playing basketball. Castillo alleges that Hartzell "wrapped the right ankle with a[n] elastic bandage, assigned crutches and prescribed (400) mil[l]igrams of [motrin]." Castillo further alleges that Hartzell stated that in her opinion "nothing was broken." Although Castillo concedes that Hartzell provided immediate treatment, he argues that Hartzell delayed in making the necessary arrangements to have the injury x-rayed and examined by a doctor. He states that he "suffered unnecessary pain throughout the weekend and the swelling in the right ankle was severe." Castillo states that when he was x-rayed on Tuesday, January 14, 1992, an x-ray technician told him that "[t]his should have been taken care of on Friday."
 
 
 6
 Castillo's amended complaint establishes that Hartzell did provide immediate treatment for his injury. Therefore, Castillo's own statements demonstrate that Hartzell did not deny, delay or intentionally interfere with medical treatment. See Hutchinson, 838 F.2d at 394. While Castillo states that Hartzell delayed in arranging for him to be x-rayed and examined, he did not state how the delay in being x-rayed was harmful. See Shapely, 766 F.2d at 407 (delay in treatment must have been harmful). Moreover, Castillo's allegation that he should have been x-rayed and examined by a doctor immediately after the injury is simply a difference in opinion regarding medical treatment. Such a difference in opinion does not amount to a deliberate indifference to Castillo's serious medical needs. See Sanchez, 891 F.2d at 242; Broughton, 622 F.2d at 460.
 
 
 7
 Accordingly, the district court did not abuse its discretion by dismissing Castillo's amended complaint as frivolous. See Denton, 112 S.Ct. at 1734.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although Castillo's complaint and the allegations contained in it were dismissed without prejudice, we have jurisdiction to consider this appeal. The district court's order of dismissal without leave to amend and the docket sheet entry dismissing the case indicate that the district court intended to end Castillo's litigation against the defendant. See McGuckin, 974 F.2d at 1053-54