8 F.3d 29
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kanuri Sugury QAWI, Plaintiff-Appellant,
v.
CALIFORNIA DEPARTMENT OF CORRECTIONS; J. Haviland; R.P.
Ferroggiaro, Defendants-Appellees.
 No. 92-16641.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1993.*
Decided Sept. 29, 1993.
 
 Before: FLETCHER, POOLE, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kanuri Sugury Qawi, a California state prisoner, appeals pro se the dismissal of his 42 U.S.C. § 1983 action as frivolous. He contends that the defendants violated his constitutional rights by taking disciplinary action against him because he refused to undergo a psychiatric examination. We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion, Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992), and vacate and remand.
 
 
 3
 Pursuant to 28 U.S.C. § 1915(d), the district court may dismiss an action sua sponte before service of process if the action is frivolous. Neitzke v. Williams, 490 U.S. 319, 324 (1989). An action is frivolous if it lacks an arguable basis either in law or in fact. Id. at 325. A pro se plaintiff who has presented an arguable claim is entitled to issuance and service of process. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989). Moreover, a pro se plaintiff "must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.' " Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987) (quoting Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980) (per curiam)).
 
 
 4
 In his complaint, Qawi alleged that on September 25, 1991, defendant correctional officer R.P. Ferroggiaro filed a "false" rules violation report stating that Qawi had violated Ferroggiaro's order to keep an appointment with the prison psychiatrist. In the report, Ferroggiaro stated that he "gave Inmate Qawi a direct order to report to the Psyche Department so he could be processed as per the Reception Center procedures," and that Qawi refused to obey this order.
 
 
 5
 Qawi further alleged that "30 days of behavior credits were illegally taken away my level one seventeen points increase to a level two twenty-three points." He attached to his complaint a report showing that a disciplinary hearing was held on September 27, 1991. At the hearing, Qawi stated that he disobeyed Ferroggiaro's order because he did not have any psychiatric problems. He was found guilty of a serious rules violation and lost 30 days of behavior credits.
 
 
 6
 On October 10, 1991, defendant correctional officer J. Haviland denied Qawi's administrative appeal. According to Qawi, Haviland stated, " 'As I explained to you during our interview, you have to see psychiatrist so that he can clear you for transfer out of orange. I also explained to you that a level two facility would give you a more structured program that will be beneficial in you doing your term.' " Qawi claimed that the psychiatric clearance actually was not a prerequisite for the transfer because on November 20, 1991, he was transferred to the "main line" without a psychiatric examination. Qawi also claimed that the defendant Department of Corrections was negligent in its supervision of Ferroggiaro and Haviland during the disciplinary proceedings.
 
 
 7
 Under these circumstances, we cannot say that Qawi has no arguable claim, and that amendment of his complaint would be futile. See Neitzke, 490 U.S. at 325; Noll, 809 F.2d at 1448.
 
 
 8
 We VACATE the district court's order and REMAND for further proceedings.
 
 O'SCANNLAIN, Circuit Judge, dissenting:
 
 9
 For the reasons expressed in Judge Legge's Order of Dismissal dated April 30, 1992, I would affirm.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3