**Preston BROUGHTON,**
**Plaintiff-Appellant,**

v.

**CUTTER LABORATORIES; Hospital Staff of Arizona State Prison; Dr. Clements; Dr. Hyde, et al., Defendants-Appellees.**

**No. CA 77–3957.**

United States Court of Appeals,
Ninth Circuit.

July 1, 1980.

G. Kip Edwards, San Francisco, Cal., argued, for plaintiff-appellant; Jack B. Ow-

* Honorable Bruce R. Thompson, United States District Judge, for the District of Nevada, sitting by designation.

ens, Orrick, Herrington, Rowley & Sutcliffe, San Francisco, Cal., on brief.

Jay R. Adkins, Asst. Atty. Gen., Phoenix, Ariz., argued, for defendants-appellees; Bruce E. Babbit, Atty. Gen., Phoenix, Ariz., on brief.

Before TRASK and SKOPIL, Circuit Judges, and THOMPSON,* District Judge.

PER CURIAM:

This is an appeal from the summary dismissal of a pro se complaint seeking damages and injunctive relief pursuant to 42 U.S.C. § 1983.

The appellant, Preston Broughton, is a state prisoner. Appellant filed this civil rights action in district court, joining Cutter Laboratories and the Arizona State Prison Hospital staff as defendants and alleging that he had contracted infectious hepatitis while participating in Cutter Laboratories' blood plasma purchasing program. Cutter, with the apparent consent and cooperation of the prison, bought blood plasma from the prisoners, including appellant. Appellant alleged in his complaint that he contracted hepatitis as a result of Cutter's blood drawing procedures. Appellant further alleged that upon diagnosis of his disease he was admitted to the prison hospital for treatment, but that he received no medical care at all for the first six days after his admission. Appellant charges that this was entirely inadequate treatment.

On June 3, 1977, the district court granted Broughton's request to proceed in forma pauperis but dismissed his complaint on the ground that "[t]he allegations of the complaint are not cognizable under the Civil Rights Act." Broughton then brought this appeal.

In *Potter v. McCall*, 433 F.2d 1087, 1088 (9th Cir. 1970), this court established

specific procedures that a district court must follow in processing a state prisoner's civil rights complaint unless the complaint is deficient or frivolous. If the plaintiff's action is frivolous, then the district court has the discretion to dismiss. *Crawford v. Bell,* 599 F.2d 890, 893 (9th Cir. 1979). However, dismissal is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment. *See Stanger v. City of Santa Cruz,* slip opinion p. 2470, No. 76–2449 (9th Cir. March 24, 1980); *Potter v. McCall, supra,* 433 F.2d at 1088).

 In this case, we believe it to be a close question whether Broughton's complaint is frivolous or not. Under *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), a prisoner's complaint is cognizable under 42 U.S.C. § 1983 if it alleges

[a] deliberate indifference to serious medical needs of prisoners . . .. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.

*Estelle, supra,* 429 U.S. at 104–05, 97 S.Ct. at 291 (footnotes omitted). Before it can be said that a prisoner's civil rights have been abridged, however, the indifference to his medical needs must be substantial. Mere "indifference," "negligence," or "medical malpractice" will not support this cause of action. *See Estelle, supra,* 429 U.S. at 105–06, 97 S.Ct. at 291–292.

 After examining Broughton's complaint, we cannot say that it would be impossible for him to allege facts sufficient to support such an action for deliberate indifference to his medical needs. 429 U.S. 105–06, 97 S.Ct. 291–292. As it stands, his complaint does not provide us with enough information to determine whether he could maintain such a cause of action or not. Consequently, we remand this case to the district court with instructions that Broughton be given an opportunity to amend his complaint within such a period of time as the district court shall establish. REVERSED and REMANDED.