879 F.2d 865
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Gary W. CHING, Plaintiff-Appellant,
v.
Officer CONN, Defendant,
and
Officer Krull; Officer Melvin; Gary Morris, P.A.; Ron
Fox, Classification Officer, Maricopa County Jail,
Defendants-Appellees.
 No. 87-2903.
 United States Court of Appeals, Ninth Circuit.
 Submitted* June 5, 1989.
Decided July 11, 1989.
 Before SNEED, ALARCON and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ching appeals the dismissal of his complaint and grant of summary judgment against him in his Sec. 1983 claim against jail officials. We affirm.
 
 I.
 FACTS AND PROCEEDINGS BELOW
 
 3
 Ching filed suit under 42 U.S.C. Sec. 1983 (1982) challenging the actions of several Maricopa County jail officers. Ching alleges that the officers failed to protect him from an assault by another inmate. Second, he alleges that jail officials were deliberately indifferent to his medical needs while incarcerated. Finally, he challenges the district court's refusal to appoint counsel for him.
 
 
 4
 In support of his claims, Ching alleges that while he was being booked into the Maricopa county jail, he informed officer Fox about prior racial harassment he suffered while in jail; accordingly he requested placement in administrative segregation. Officer Fox, the classification officer, agreed to place Ching in administrative segregation. However, after the classification interview, Ching was placed in a holding cell pending completion of booking. Another inmate assaulted him while in the holding cell. Based on these facts, Ching alleges that Officer Fox failed to protect him. The district court dismissed this claim sua sponte.
 
 
 5
 In support of his second claim, Ching alleges that Maricopa county jail officials failed to treat several of his physical complaints.
 
 
 6
 He points to a note written in his medical file by a medical assistant stating that "I will not see this man ever again for anything." In support of its motion for summary judgment, the state attorney general submitted records which showed that during the twenty-one days he was incarcerated, Ching was seen by medical staff nine times. Medication was prescribed and he spent three days in the jail infirmary. The district court granted summary judgment in favor of the defendants.
 
 
 7
 Finally, the district court refused to appoint counsel to assist Ching in drafting his amended complaint.
 
 II.
 JURISDICTION
 
 8
 This district court had jurisdiction pursuant to 28 U.S.C. Sec. 1343 (1982). This court has jurisdiction under Sec. 1291.
 
 III.
 STANDARD OF REVIEW
 
 9
 This court reviews a dismissal for failure to state a claim de novo. Fort Vancouver Plywood Co. v. United States, 747 F.2d 547, 552 (9th Cir.1984). This court also reviews the grant of summary judgment de novo. Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir.1986). Finally, this court reviews the district court's refusal to appoint counsel for abuse of discretion. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986). Pro se plaintiffs are entitled to have their complaints liberally construed. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.1982).
 
 IV.
 ANALYSIS
 
 10
 A. Dismissal of the claim for lack of protection
 
 
 11
 After Ching filed his complaint, the district court sua sponte dismissed the first claim for failing to provide protection. The district court apparently ruled that Ching's allegations amounted to nothing more than negligence and, as such, dismissed his claim. While only negligence may have been present, negligence or some higher degree of fault is not the precisely correct standard to apply in this type of case.
 
 
 12
 This court set out the proper standard for failure to protect claims as follows:
 
 
 13
 A prisoner may state a section 1983 claim under the eighth and fourteenth amendments against prison officials where the officials acted with "deliberate indifference" to the threat of serious harm or injury by another prisoner.... The standard does not require that the guard or official " 'believe to a moral certainty that one inmate intends to attack another at a given place at a time certain before that officer is obligated to take steps to prevent such an assault. But, on the other hand, he must have more than a mere suspicion that an attack will occur.' " State Bank of St. Charles v. Camic, 712 F.2d 1140, 1146 (7th Cir.) (quoting Vun Cannon v. Breed, 391 F.Supp. 1371, 1374-75 (N.D.Cal.1975)), cert. denied, 464 U.S. 995 (1983).
 
 
 14
 Berg, 794 F.2d at 459 (citations omitted).
 
 
 15
 Ching has failed to allege any facts that would support a finding of deliberate indifference to his protection. Ching told the classification officer that he had been assaulted during a prior stay at the jail. The officer agreed to place Ching in administrative segregation. Ching was placed in a holding cell pending completion of booking. He was assaulted in the holding cell. These facts simply do not support a conclusion that the officer was deliberately indifferent to Ching's safety. To the contrary, the officer had agreed to place Ching in administrative segregation. The officer's failure to place Ching in administrative segregation immediately does not constitute deliberate indifference.
 
 
 16
 B. Summary Judgment on Medical Treatment Claim
 
 
 17
 A plaintiff states a claim under Sec. 1983 if he alleges deliberate indifference to a serious medical need. Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980) (per curiam). "[T]he indifference to [the prisoner's] medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Id. (quoting Estelle v. Gamble, 429 U.S. 97, 105-06 (1976)). If the nonmoving party has the burden of proof, in order to avoid summary judgment, he must make a sufficient showing to establish a genuine dispute as to each asserted element of his claim. California Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc., 818 F.2d 1466, 1468 (9th Cir.1987), cert. denied, 108 S.Ct. 698 (1988).
 
 
 18
 The district court correctly granted summary judgment in favor of the defendants. Ching has failed to allege any facts which constitute a showing of deliberate indifference to his medical needs. Ching points to the entry by one medical assistant to the effect that the medical assistant would not see Ching again. This allegation, even if true, does not constitute deliberate indifference to Ching's medical needs. As noted above, during his twenty-one day stay, he spent three days in the jail infirmary and saw medical staff on nine different occasions. He was examined and medication was prescribed.
 
 C. Refusal to appoint counsel
 
 19
 Finally, Ching challenges the district court's refusal to appoint counsel for him. 28 U.S.C. Sec. 1915(d) (1982) provides that the district court may appoint counsel for indigent civil litigants. This court has held that counsel should be appointed only in exceptional circumstances. Wilborn, 789 F.2d at 1331. In determining whether exceptional circumstances exist, the court must evaluate the likelihood of success on the merits and the ability of the plaintiff to articulate his claims in light of their complexity. Id.
 
 
 20
 Both of these considerations support the trial court's refusal to appoint counsel. Ching is not likely to succeed on the merits, nor are his claims so complex that his ability to articulate them is impaired. The trial court did not abuse its discretion in refusing to appoint counsel.
 
 
 21
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3