944 F.2d 909
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William McKINNEY, Plaintiff/Appellant,
v.
George W. SUMNER, Defendant/Appellee.
 No. 89-15554.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 11, 1990.*
Decided Sept. 18, 1991.
 
 Before POOLE, CANBY and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William McKinney brought this action under 42 U.S.C. § 1983 against defendant George Sumner, the Director of the Nevada Department of Prisons. McKinney appeals pro se the district court's sua sponte dismissal of Count One of the complaint and his petition for a Temporary Restraining Order or alternatively a Preliminary Injunction. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court's ruling.
 
 Facts and Proceedings
 
 3
 William McKinney is an inmate at the Nevada State Prison at Carson City, Nevada. McKinney brought this section 1983 claim alleging a violation of his "right to freedom of expression and association, freedom of choice and cruel and unusual punishment." Complaint, No. CV-89-271-HDM, (April 18, 1989). In Count One of his complaint, McKinney claimed that Administrative Directive 5-88 (A.D.5-88) prohibited the inmates from possessing intimate photographs from outside parties. McKinney also asserted that mere possession of such photographs would result in confiscation and destruction of personal property. McKinney contemporaneously petitioned for injunctive relief to protect his privileges and personal intimate photographs in his possession until the civil rights action has been decided.
 
 
 4
 On April 18, 1989, the district court, sua sponte, dismissed as frivolous Count One of McKinney's complaint. The court also dismissed the request for injunctive relief, stating that the contemporaneously filed civil rights action could address all issues without extraordinary injunctive relief. This appeal followed.
 
 
 5
 On August 27, 1990, the defendant filed a Motion for Summary Judgement. On January 4, 1991, the district court granted defendant's Motion for Summary Judgement of the complaint.
 
 Discussion
 
 6
 Pro se civil rights pleadings must be construed liberally by a court so as to afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir.1987) (citing Bretz v. Kelman, 773 F.2d 1026, 1027 n. 1 (9th Cir.1985) (en banc)). Where a pro se litigant's pleadings are deficient, the court generally must notify the litigant of the deficiencies and give the litigant an opportunity to amend. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987). Accordingly, a pro se complaint should be dismissed without leave to amend only when "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980).
 
 
 7
 The district court did not erroneously dismiss Count One of McKinney's complaint as frivolous. McKinney asserts that the court should have read his complaint liberally. He claims that even though the complaint asks that A.D. 5-88 be withdrawn, the court should have known he meant A.D. 45-89.
 
 
 8
 McKinney's argument misses the mark. It is clear the district court treated McKinney's complaint as a challenge to A.D. 45-89. His complaint was dismissed because the court determined the challenged regulation met the four-part test developed in Turner v. Safely, 482 U.S. 78 (1987), and reaffirmed in Thornburgh v. Abbott, 490 U.S. 401, 413 (1989). No amendment by McKinney could cure the deficiency of his complaint by which he sought withdrawal of the challenged regulation. Accordingly, the district court did not err by dismissing Count One of the complaint without leave to amend.
 
 
 9
 The dismissal of the request for injunctive relief was likewise proper. We review the dismissal under the standard set forth in, Big Country Foods v. Bd. of Education, 868 F.2d 1085 (9th Cir.1989), which holds that the denial of a preliminary injunction will be reversed only if the district court relied on an erroneous legal premise or abused its discretion. Id. at 1087. The district court in ruling on this issue relied on the record before it and the civil rights action which was pending. The court correctly noted that the extraordinary injunction was not necessary where the civil rights action would adequately address all issues.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3