967 F.2d 589
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles Joseph OLTARZEWSKI, Jr., Plaintiff-Appellant,
v.
Samuel LEWIS, Director, et al., Defendants-Appellees.
 No. 91-16183.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 10, 1992.*
Decided June 16, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles J. Oltarzewski, Jr., an Arizona state prisoner, appeals pro se the district court's grant of summary judgment in favor of the appellees in Oltarzewski's 42 U.S.C. § 1983 action. We affirm.
 
 
 3
 We review de novo the district court's grant of summary judgment. Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir.1986). "The party moving for summary judgment has the burden of proving the absence of any genuine issue of material fact that would allow a judgment as a matter of law.... However, once the moving party demonstrates the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to produce evidence sufficient to support a jury verdict in her favor." Hopkins v. Andaya, 958 F.2d 881, 884-85 (9th Cir.1992) (citations omitted).
 
 
 4
 Oltarzewski contends that prison officials violated his eighth amendment right to medical care because they did not adequately treat his ear infections and experimented on him without his permission. These contentions lack merit.
 
 
 5
 To state a section 1983 claim based on a violation of his eighth amendment right to adequate medical care, Oltarzewski must show that the prison officials acted with deliberate indifference to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). Deliberate indifference to serious medical needs means the "unnecessary and wanton infliction of pain." Id. at 104. Moreover, the indifference to the prisoner's medical needs must be substantial. Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980).
 
 
 6
 Here, Oltarzewski claims that prison medical personnel violated his eighth amendment rights because they treated his ear infections with generic rather than brand-name ear drops, even though the generic ear drops allegedly did not cure his ear infections. Oltarzewski's complaint further alleged that he had adverse reactions to the generic medications, and only brand-name medication could treat effectively his ear infections. Moreover, he alleged that by prescribing various generic ear medications, the defendants were experimenting on him without his permission.
 
 
 7
 In support of their motion for summary judgment, the defendants submitted the affidavit of prison physician Theodore Smith, who had treated Oltarzewski. Dr. Smith's affidavit stated that (1) there is no difference between the generic and the brand-name ear drops; and (2) it is prison policy to substitute generic drugs for brand-name drugs where possible in order to control costs. Dr. Smith's affidavit detailed the continuous medical attention Oltarzewski had received by both prison medical personnel and outside ear specialists. Moreover, Dr. Smith noted in his affidavit that Oltarzewski exacerbated his infections by putting foreign objects in his ears. Oltarzewski failed to provide any affidavits or other evidence that rebuts the defendants' evidence or raises a genuine issue of material fact. Accordingly, because Oltarzewski failed to identify any serious medical need that was deliberately ignored by the defendants, they did not violate Oltarzewski's eighth amendment right to adequate medical care, and the district court properly granted summary judgment. See Estelle, 429 U.S. at 104-06; Hopkins, 958 F.2d at 884-85; Broughton, 622 F.2d at 460.
 
 
 8
 Oltarzewski next contends that the district court erred by failing to address specifically his claim against defendant Palechki. We have reviewed the record and conclude that Oltarzewski failed to demonstrate that Palechki was deliberately indifferent to his serious medical needs. See Estelle, 429 U.S. at 104-06; Broughton, 622 F.2d at 460. Therefore, the district court did not err by entering summary judgment in favor of Palechki.
 
 
 9
 Finally, Oltarzewski claims that the defendants failed to provide him with adequate medical care in retaliation for his filing of previous section 1983 actions. Because Oltarzewski's claim of inadequate medical care lacks merit, his retaliation claim also fails.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The appellees' request for attorney's fees and costs is denied