977 F.2d 591
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Steven STEPHENS, a/k/a Mose Stephens, Plaintiff-Appellee,
v.
Carolyn SCHUCK, James Blodgett, Washington State,
Defendants-Appellants.
 No. 90-35731.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 18, 1992.*
Decided Oct. 7, 1992.
 
 Before EUGENE A. WRIGHT, BEEZER and LEAVY, Circuit Judges.
 
 ORDER
 
 1
 MEMORANDUM**
 
 
 2
 The Memorandum disposition filed on August 20, 1992 is withdrawn.
 
 
 3
 The issue presented is whether the district court erred when it determined that Carolyn Schuck, a Washington state prison dietician, violated Stephens' Eighth Amendment rights when she revoked his low sodium diet card. We conclude that Schuck's actions did not amount to deliberate indifference to Stephens' serious medical needs.
 
 
 4
 To establish a constitutional violation, an inmate must show that the prison authorities acted with deliberate indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976). The officials' indifference must rise to the level of "unnecessary and wanton infliction of pain." Id. at 104. In determining whether deliberate indifference exists, we examine the facts and look for substantial indifference in the individual case, "indicating more than mere negligence or isolated occurrences of neglect." Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.1990); Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980).
 
 
 5
 The record contradicts Stephens' contention that Schuck acted with deliberate indifference when she revoked his card. Schuck counseled him on numerous occasions about controlling his hypertension and weight. Her notes state that she took Stephens off his diet at his request. Moreover, Stephens ignored medical advice that he needed to avoid certain foods to reduce his hypertension.
 
 
 6
 At most, Schuck's actions here amount to negligence. They clearly do not rise to the level of a constitutional violation.
 
 
 7
 The judgment of the district court is REVERSED. The clerk of the district court will enter judgment in favor of the defendant, dismissing the action.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3