985 F.2d 572
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Henry J. FOSTER, Plaintiff-Appellant,
v.
G. HORI, D.D.S.; John Fitt, D.D.S., Defendants-Appellees.
 No. 91-16918.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 27, 1993.*
Decided Jan. 29, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Henry Foster appeals pro se the district court's summary judgment in favor of the defendants, California prison officials, in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review a grant of summary judgment de novo. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). Summary judgment is appropriate if the evidence "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).
 
 
 4
 Dental care is one of the most important medical needs of inmates. Hunt v. Dental Dep't, 865 F.2d 198, 199 (9th Cir.1989) (citations and quotations omitted). Therefore, the eighth amendment requires that prisoners be provided with adequate dental care. See id. Nevertheless, mere indifference, medical malpractice, or negligence will not support a cause of action under the eighth amendment. See Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir.1980).
 
 
 5
 Foster contends that the defendants were deliberately indifferent to his serious medical needs when they allegedly denied him dental treatment. The record shows that Foster suffered from periodontis, a gum disease, and that most of his teeth were missing. Further, an affidavit and a diagnostic record indicate that Foster was seen by a Dr. Hori, a defendant in this case, who recommended that Foster's remaining teeth be pulled for a full upper denture or partial upper denture.[1]
 
 
 6
 The defendants allege that Foster did not consent to the removal of his teeth, and that his intransigence prevented them from treating him. The defendants further allege that Foster insisted on a bridge or implants, which were both cost prohibitive and not medically feasible because Foster would eventually lose his remaining teeth as a result of the gum disease. Foster denies that he insisted on bridges and implants, and continues to assert that the defendants were deliberately indifferent to his serious medical needs because they denied him dental treatment. The record, however, shows that Foster was offered treatment.
 
 
 7
 The affidavit of Dr. Hori together with the diagnostic notes on file show that the defendants offered to pull Foster's teeth for a full or partial denture. Moreover, there is a letter from Foster indicating that he did not consent to have his teeth pulled.
 
 
 8
 Foster's assertion that he never insisted on bridges or implants does not raise an issue of material fact because the record shows that the defendants offered him either a partial or full upper denture. Accordingly, Foster has not shown that the defendants were deliberately indifferent to his dental needs. Cf. Hunt, 865 F.2d at 199.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Foster has been released from prison since he filed this action