15 F.3d 1088
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 William J. NOLL, Plaintiff-Appellant,
v.
Joyce McCARTHY, Defendant-Appellee.
 No. 93-55775.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1993.*
Decided Dec. 23, 1993.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William J. Noll, a federal prisoner, appeals pro se the district court's dismissal for failure to state a claim, or alternatively granting summary judgment for United States Parole Officer (USPO) Joyce McCarthy, in Noll's 42 U.S.C. Sec. 1983 action seeking injunctive relief and monetary damages. Noll alleged that McCarthy in her individual and official capacities violated his due process rights during parole revocation proceedings and caused him to be returned to prison for an excessive term. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review de novo a district court's dismissal of a complaint for failure to state a claim. Frey v. State of Cal., 982 F.2d 399, 401 (9th Cir.), cert. denied, 113 S.Ct. 3000 (1993). "We liberally construe pro se complaints." Anderson v. Boyd, 714 F.2d 906, 908 (9th Cir.1983). "A pro se litigant must be given leave to amend his ... complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.' " Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987) (quoting Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980) (per curiam)). Although the district court alternatively granted summary judgment for the defendant, we may affirm on any ground fairly presented by the record. See New Kids on the Block v. New America Pub., Inc., 971 F.2d 302, 305 (9th Cir.1992).
 
 
 4
 Section 1983 is limited to claims involving state officials. Merritt v. Mackey, 932 F.2d 1317, 1323 (9th Cir.1991). In addition, parole officers are entitled to the absolute protection of quasi-judicial immunity when considering parole applications. Anderson, 714 F.2d at 908-09.
 
 
 5
 Here, Noll sought monetary damages and injunctive relief pursuant to section 1983 against USPO McCarthy. Noll claims that his due process rights were violated when USPO McCarthy allegedly informed one of Noll's witnesses that she (the witness) could not testify at Noll's parole revocation hearing.
 
 
 6
 Because USPO McCarthy is not a state official, the district court properly determined that Noll failed to state a claim under section 1983. See Merritt, 932 F.2d at 1323. To the extent that Noll's complaint may be liberally construed as alleging a claim under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), USPO McCarthy is immune from suit because she engaged in protected activity. See Anderson, 714 F.2d at 909. Based upon the futility of stating a claim under section 1983 or Bivens, the district court properly dismissed the complaint without leave to amend. Cf. Noll, 809 F.2d at 1449. Because we affirm based upon the district court's dismissal of Noll's complaint, we need not address his remaining contentions.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Noll's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3