15 F.3d 1088
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Arthur POYNTER, Plaintiff-Appellant,
v.
J. ADAMS, individually; Z.A. Maysoner, individually; L.
Wilson, individually, Defendants-Appellees.
 No. 93-55345.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 17, 1993.
Decided Jan. 31, 1994.
 
 Before: SNEED, SKOPIL, and FERGUSON, Circuit Judges.
 
 
 1
 Arthur Poynter appeals pro se the district court's order granting summary judgment for defendants, dismissing Poynter's 42 U.S.C. Sec. 1983 civil rights action and pendant state claims, and denying his request for appointment of a physician.
 
 
 2
 Poynter claims that defendants violated his Eighth Amendment rights in that they were deliberately indifferent to his serious medical needs when they denied him a thorough medical examination on August 27, 1991 and delayed providing a proper medical examination until August 29, 1991. We affirm.
 
 
 3
 First, Poynter fails to show the existence of a genuine issue of material fact with regard to his claims of failure to provide medical care. Poynter bears the burden of establishing that (1) the defendants acted with a deliberate indifference which resulted in harm, and that (2) he had a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976).
 
 
 4
 Medical records verify that Poynter was clinically evaluated by medical personnel at least two times on August 27, 1991. X-ray results reveal no abnormality, much less serious disease or injury. Poynter has not presented anything to contradict this evidence. Thus, the defendants were not deliberately indifferent to Poynter's medical needs. McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir.1992).
 
 
 5
 To the extent that Poynter complains of the adequacy of the medical care he received on August 27, 1991, such a claim does not state a violation of the Eighth Amendment. See Gamble, 429 U.S. at 105-06; Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980). To the extent that Poynter alleges that defendants delayed providing a proper medical examination until August 29, 1991, he offered no evidence which shows that the defendants purposefully delayed providing a medical examination. See McGuckin, 974 F.2d at 1060. Thus, the district court properly dismissed Poynter's claim that defendants violated the Eighth Amendment in failing to provide medical care.
 
 
 6
 Second, Poynter contends that the district court improperly dismissed his state negligence claim following dismissal of his federal claim.
 
 
 7
 When federal claims are dismissed before trial, the question whether pendent state claims should still be entertained is within the sound discretion of the district court. Generally, dismissal of federal claims before trial dictates that the pendent state claims should also be dismissed.
 
 
 8
 Schultz v. Sundberg, 759 F.2d 714, 718 (9th Cir.1985) (citations omitted). Because Poynter's federal claims were dismissed on summary judgment, the district court did not abuse its discretion in dismissing his pendent claims. See id.
 
 
 9
 Finally, Poynter contends that the district court abused its discretion by not appointing a physician to examine him pursuant to Fed.R.Civ.P. 35(a). His contention that independent medical examination was necessary to show that defendants did not properly examine him on August 27, 1991 lacks merit.
 
 Under Fed.R.Civ.P. 35(a), the trial judge
 
 10
 must decide, as an initial matter in every case, whether the party requesting a mental or physical examination or examinations has adequately demonstrated the existence of the Rule's requirements of 'in controversy' and 'good cause.'
 
 
 11
 Schlagenhauf v. Holder, 379 U.S. 104, 118 (1964).
 
 
 12
 Here, Poynter sought appointment of a physician to obtain a differing opinion as to his treatment to bolster his claim of deliberate indifference to his serious medical needs. "A difference of opinion does not establish deliberate indifference to [a plaintiff's] serious medical needs." Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989). Poynter failed to show good cause for the district court to grant his motion. See Schlagenhauf, 379 U.S. at 118. Thus, the district court did not abuse its discretion in denying Poynter's motion.
 
 
 13
 The order of the district court is AFFIRMED.
 
 
 14
 ---------------
 
 
 
 * This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3.