29 F.3d 633
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Manuel NUNEZ, Plaintiff-Appellant,
v.
James LIBONATI, Chief Medical Officer; James H. Gomez,
Defendants-Appellees.
 No. 93-16749.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 18, 1994.*
Decided July 22, 1994.
 
 Before: FARRIS, KOZINSKI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Manuel Nunez appeals pro se the district court's summary judgment in favor of prison officials in his 42 U.S.C. Sec. 1983 action alleging deliberate indifference to his medical needs. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and review de novo. Hopkins v. Andaya, 958 F.2d 881, 884 (9th Cir.1992). We affirm.
 
 
 3
 Nunez contends that the district court erred by granting summary judgment to defendants because they were deliberately indifferent in the treatment of back pain caused by a bullet previously lodged in his back. This contention lacks merit.
 
 
 4
 A grant of summary judgment should be affirmed only if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989). To defeat a summary judgment motion, the nonmoving party must come forward with evidence sufficient to establish the existence of any elements that are essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Taylor, 880 F.2d at 1045. Conclusory allegations unsupported by factual data are insufficient to defeat a summary judgment motion. Taylor, 880 F.2d at 1045.
 
 
 5
 To show a violation of the Eighth Amendment, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. Hudson v. McMillian, 112 S.Ct. 995, 998 (1992); Estelle v. Gamble, 429 U.S. 97, 106 (1976). In addition, the Supreme Court has held that a prisoner must allege facts sufficient to indicate a culpable state of mind on the part of prison officials to demonstrate deliberate indifference. Wilson v. Seiter, 111 S.Ct. 2321, 2323 (1991). A difference of opinion about treatment does not amount to a deliberate indifference to serious medical needs. See Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989). Mere indifference, medical malpractice, or negligence will not support a cause of action under the Eighth Amendment. Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir.1980).
 
 
 6
 Nunez has complained of back pain from a bullet lodged in his lower back since 1986. The record shows he has received anti-inflammatory medication for pain on numerous occasions, has had x-ray scans of his back, has been examined by a neurologist, and recommended for non-urgent transfer to a prison medical facility for surgical evaluation. Defendants filed an affidavit stating that Nunez's back condition did not require critical or urgent care, and surgery was advised only as a last resort following treatment with anti-inflammatory medication and after a thorough neurological evaluation. Candidates for non-urgent medical evaluations are accepted by prison hospitals when space is available. However, as of the date of the defendants' motion, no space had become available.
 
 
 7
 As the district court found, the record shows steady treatment of Nunez's back. While Nunez may believe that he should have been scheduled for an urgent rather than a non-urgent transfer, this difference of opinion does not give rise to a claim for deliberate indifference under Sec. 1983. See Sanchez, 891 F.2d at 242. Further, even assuming the treatment Nunez received was negligent or amounted to medical malpractice, such conduct does not rise to the level of deliberate indifference under the Eighth Amendment. See Broughton, 622 F.2d at 460. Nunez has not alleged facts sufficient to indicate a culpable state of mind on the part of defendants sufficient to demonstrate deliberate indifference. See Wilson, 111 S.Ct. at 2323. Accordingly, the district court properly granted summary judgment in favor of the defendants on this record. See Celotex, 477 U.S. at 322; Taylor, 880 F.2d at 1045.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3