37 F.3d 1506
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Ervin Charles ST. AMAND, Plaintiff-Appellant,
v.
George KAISER, Medical Director of Nevada D.O.P. Medical
Division, in his individual and personal capacity,
Defendant-Appellee.
 No. 94-15238.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1994.*
Decided Sept. 27, 1994.
 
 Before: SNEED, WIGGINS, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Former Nevada state prisoner Ervin Charles St. Amand appeals pro se the district court's summary judgment for defendant Dr. George Kaiser in St. Amand's 42 U.S.C. Sec. 1983 civil rights action. St. Amand alleged that Dr. Kaiser was deliberately indifferent to his serious medical needs by refusing to make timely arrangements for St. Amand to be fitted with a new prothesis for his right leg. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 "A grant of summary judgment is reviewed de novo to determine, viewing the evidence in the light most favorable to the nonmoving party, whether there exist any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 (9th Cir.1990).
 
 
 4
 When an inmate alleges that prison officials failed to attend to serious medical needs, the appropriate inquiry is whether the officials exhibited "deliberate indifference." Hudson v. McMillian, 112 S.Ct. 995, 998 (1992); accord McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir.1992). "Such indifference may be manifested in two ways. It may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir.1988) (citing Estelle v. Gamble, 429 U.S. 97, 104-05 (1976)). Medical malpractice or mere negligence, however, will not support a cause of action under the Eighth Amendment. McGuckin, 974 F.2d at 1059; Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir.1980) (per curiam).
 
 
 5
 The undisputed evidence establishes the following set of facts. St. Amand wears a prosthetic leg as a result of a below-the-knee amputation of his right leg. In 1991, St. Amand developed problems with his leg and prothesis and, therefore, sought medical attention. On 31 July 1991, St. Amand was examined by Dr. Duffield who authorized the use of a cane.
 
 
 6
 On 14 January 1992, Dr. Kilduff examined St. Amand and referred him for possible adjustment to his prothesis. On 7 February 1992, St. Amand's prothesis and stump were evaluated at the Superior Limb and Brace Company. Superior Limb and Brace recommended replacement of St. Amand's prothesis. On 4 March 1992, a new prothesis was ordered for St. Amand pending Dr. Kaiser's approval.
 
 
 7
 On 25 March 1992, Dr. Kaiser examined St. Amand and determined that the problem with the prothesis was not serious and placed him on a waiting list for a replacement. To ameliorate St. Amand's discomfort with his prothesis, Dr. Kaiser advised St. Amand to use crutches. On 17 July 1992, Kaiser examined St. Amand and referred him to a second prosthetic company. On 30 July 1992, St. Amand was evaluated by Advanced Prosthetic Systems. Advanced Prosthetic recommended a replacement prothesis because St. Amand's prosthesis was ill-fitting and causing hyperplasia. On 25 November 1992, St. Amand was measured for the new prosthesis by Superior Limb and Brace. In December 1992, Superior Limb and Brace sent the new prosthesis to the prison. On 30 December 1992, St. Amand received the new prosthesis.
 
 
 8
 We conclude that St. Amand has failed to demonstrate that Dr. Kaiser was deliberately indifferent to his medical needs. The undisputed evidence establishes that Dr. Kaiser examined St. Amand and determined that St. Amand's need for a new prosthesis was not urgent. Dr. Kaiser examined St. Amand's stump and found that it "showed no ulcerations or skin breakdown." Moreover, Dr. Kaiser requested an x-ray of St. Amand's stump "to further evaluate any possible causes of [St. Amand's] pain." Furthermore, on 17 July 1992, Dr. Kaiser referred St. Amand for another evaluation. Based upon the report of the second evaluation, a new prosthesis was ordered. Therefore, St. Amand has not demonstrated that Dr. Kaiser denied or delayed medical care. See Estelle, 429 U.S. at 104-05; Hutchinson, 838 F.2d at 394. To the extent that St. Amand argues that Dr. Kaiser provided inadequate medical care, such an allegation, even if true, would amount to a claim of malpractice or mere negligence which does not violate the Eighth Amendment. See McGuckin, 974 F.2d at 1059; Broughton, 622 F.2d at 460.
 
 
 9
 Accordingly, because St. Amand failed to demonstrate that Dr. Kaiser was deliberately indifferent to his serious medical needs, the district court properly granted summary judgment in for Dr. Kaiser. See Nishimoto, 903 F.2d at 712.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 St. Amand makes a conclusory allegation that the delay in receiving a new prosthesis was racially motivated. Specifically, St. Amand alleges that a white prisoner received prompt medical attention, but Dr. Kaiser delayed medical services for St. Amand, an African-American. Because St. Amand provided no evidence that Dr. Kaiser's decisions were motivated by racial animus, we reject this allegation. See Washington v. Davis, 426 U.S. 229, 239 (1970); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (1991)