**Juan PORTILLO, Plaintiff—Appellant,**

v.

**Robert M. JOHNSON, Medical Officer, Defendant—Appellee.**

No. 03–55037.

D.C. No. CV–99–08980–FMC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 3, 2004.

Decided March 15, 2004.

Juan Portillo, Imperial, CA, pro se.

Pamela A. Kelley, William J. Kelley, III, Kelley & Kelley, Irvine, CA, for Plaintiff–Appellant.

John Francis Bazan, AGCA–Office Of The California Attorney General (LA), Los Angeles, CA, for Defendant–Appellee.

Before SILVERMAN, GOULD, and BEA, Circuit Judges.

## MEMORANDUM *

■ Prisoner Juan Portillo appeals the dismissal of his second amended complaint for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). In this civil rights action brought under 42 U.S.C. § 1983, Portillo alleges that Dr. Jose DeCastro, a physician at California State Prison–Los Angeles County ("CSP–LAC"), and Dr. Robert Johnson, CSP–LAC's chief medical officer, violated Portillo's Eighth Amendment rights by delaying or denying him adequate medical treatment for his painful kidney stones. We review de novo the dismissal of a complaint under Rule 12(b)(6). *Am. Family Ass'n, Inc. v. City and County of San Francisco,* 277 F.3d 1114, 1120 (9th Cir.2002). We review de novo the issue of whether an inmate is provided meaningful access to the courts. *Lindquist v. Idaho State Bd. of Corrs.,* 776 F.2d 851, 854 (9th Cir.1985). We affirm in part, reverse in part, and remand the case to the district court for further proceedings.

Because the parties are familiar with the facts, we recite them only as necessary for this decision. Portillo alleges that Dr. De-Castro examined him once and erroneously diagnosed his condition as a "post operative adhesion." DeCastro ordered x-rays and a urine test, but he denied Portillo's request for a referral to a urologist and for a prescription of pain relief medication. Taking as true the allegations in the complaint, we conclude that DeCastro's conduct might rise to the level of negligence, even gross negligence, but it does not amount to deliberate indifference to a serious medical condition. *See Wood v. Housewright,* 900 F.2d 1332, 1334 (9th Cir. 1990) ("While poor medical treatment will at a certain point rise to the level of constitutional violation, mere malpractice, or even gross negligence, does not suffice.").

■ On the other hand, we conclude that the complaint does state a claim of deliberate indifference on the part of the

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

prison's chief medical officer, Dr. Robert Johnson. If Portillo had alleged only that Johnson relied on DeCastro's erroneous diagnosis, the complaint would not have stated an Eighth Amendment violation. However, Portillo alleges that Johnson intentionally delayed and interfered with his medical treatment even after Johnson learned that DeCastro's diagnosis was wrong. These allegations state a claim of deliberate indifference. *See, e.g., Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (a prisoner can establish deliberate indifference by showing that a delay in treatment was "medically unacceptable"); *Lopez v. Smith*, 203 F.3d 1122, 1132 (9th Cir.2000) (en banc) ("[a prisoner] can establish deliberate indifference by showing that officials intentionally interfered with his medical treatment.").

As to delay, Portillo alleges that, despite his repeated complaints to Johnson of severe pain, he did not receive an appointment with a urologist until three months *after* an x-ray report ordered by DeCastro indicated the presence of a kidney stone. Although the radiologist noted in the report that the presence of a kidney stone "could be definitely confirmed with an ultrasound," Portillo did not receive an ultrasound until four and one-half months later. Another radiologist recommended that Portillo receive an intravenous pyelogram examination ("IVP"), but Portillo did not receive an IVP until at least seven months later. These delays occurred *after* Dr. DeCastro's alleged misdiagnosis became apparent to Johnson. At the pleading stage, these allegations of repeated delays in treatment state a claim of deliberate indifference on the part of Johnson, whom Portillo alleges was in charge of administering his care. *See Jackson*, 90 F.3d at 332.[1]

As to interference, Portillo alleges that Johnson intentionally interfered with his treatment by transferring him, over objection, to another prison facility before his treatment at CSP–LAC was completed. Construed in the light most favorable to Portillo, these allegations state a claim that Johnson intentionally interfered with Portillo's medical treatment. *See Lopez*, 203 F.3d at 1132.

We reject Portillo's contention that the denial of his request to correspond with inmate Marcus Blevins has deprived him of meaningful access to the courts. Portillo has not alleged that he was denied access to an adequate law library or any other acceptable alternatives. *See Storseth v. Spellman*, 654 F.2d 1349, 1352–53 (9th Cir.1981). We decline to consider whether defendants are entitled to qualified immunity because defendants did not raise this issue below. *See Underwood Cotton Co. v. Hyundai Merch. Marine (America) Inc.*, 288 F.3d 405, 410 n. 8 (9th Cir.2002).

**AFFIRMED IN PART, REVERSED IN PART, and REMANDED.**

---

**1.** *See also Hunt v. Dental Dep't*, 865 F.2d 198, 201 (9th Cir.1989) (finding a three-month delay of treatment to be deliberate in light of prisoner's serious dental problems and repeated complaints); *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir.1980) (six-day delay in treating prisoner's hepatitis might constitute deliberate indifference).