Billy VAN COURT, Plaintiff—Appellant,

v.

Joseph D. LEHMAN, Secretary of Doc, in his official capacity, Defendant,

and

Arthur Gordon, Assistant director Sex Offender Treatment Program, in his individual (or personal) capacity; et al., Defendants—Appellees.

No. 04–35815.

D.C. No. CV–02–01142–JCC.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.*

Decided June 24, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Billy Van Court, Monroe, WA, pro se.

Mary Catherine McLachlan, Office of the Washington Attorney General, Olympia, WA, for Defendants–Appellees.

Appeal from the United States District Court for the Western District of Washington; John C. Coughenour, Chief Judge, Presiding.

Before KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

### MEMORANDUM**

Billy Van Court, a Washington State prisoner, appeals pro se from the district court's summary judgment in favor of defendants in his 42 U.S.C. § 1983 action alleging that prison officials were deliberately indifferent to his safety by failing to protect him from attack by another inmate, and failing to provide adequate medical care for his resulting injuries. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir.2000) (en banc), and we affirm.

The district court properly granted summary judgment on Van Court's claim that defendants failed to protect him from attack by another inmate during a sex-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

offender treatment program group meeting, because the evidence does not create a genuine issue of material fact as to whether defendants should have foreseen this attack. *See Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (holding that to act with deliberate indifference, a prison official must be aware of facts from which he could infer the existence of a substantial risk of serious harm).

■ The district court also properly granted summary judgment on Van Court's claim that defendants denied and delayed his medical treatment for his resulting head injuries and broken nose in violation of the Eighth Amendment. The evidence shows that following the incident, Van Court was seen several times by a prison physician, and was referred to an optometrist, an opthamologist, a neurologist, and an ear, nose, and throat specialist. Over a 3–year period, he received pain medication, x-rays, a CT scan, and surgery on his nose. Although Van Court may have a difference of opinion regarding the proper treatment of his injuries and headaches, this difference does not constitute an Eighth Amendment violation. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir.1989).

■ Moreover, although Van Court did not receive pain medication until a day after the attack, this delay is insufficient to demonstrate deliberate indifference to a serious medical need. *See McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir.1992), *overruled on other grounds, WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (1997) (en banc) ("A finding that the defendant's neglect of a prisoner's condition was an 'isolated occurrence,' or an 'isolated exception,' to the defendant's overall treatment

of the prisoner ordinarily militates against a finding of deliberate indifference.") (internal citations omitted); *see also Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir.1980) (per curiam) (noting mere indifference, medical malpractice, or negligence will not support a cause of action under the Eighth Amendment).

**AFFIRMED.**