MEMORANDUM **
Ted L. Wayne, a former Idaho state prisoner, appeals pro se from the district court’s orders dismissing in part and granting summary judgment in part, in his 42 U.S.C. § 1983 action alleging defendants conspired to violate his constitutional rights and acted with deliberate indifference to his heart condition. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, Jones v. Blanas, 393 F.3d 918, 926 (9th Cir.2004) (summary judgment); Osborne v. Dist. Atty’s Office for the Third Judicial Dist, 423 F.3d 1050, 1053 (9th Cir.2005) (Heck dismissals), and we affirm.
The district court properly dismissed Wayne’s claims relating to his underlying criminal prosecution because success on these claims would necessarily implicate the validity of his conviction. See Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). We construe the judgment dismissing these claims to be without prejudice. See Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir.1995) (per curiam).
The district court also properly granted summary judgment on Wayne’s claims that defendants were deliberately indifferent to his heart condition. The record shows that two doctors determined Wayne *824 should not be allowed to keep his heart medication in his cell for medical reasons. Although Wayne may have a difference of opinion regarding personal possession of his medication, this difference does not give rise to an Eighth Amendment violation. See Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989).
Moreover, although Wayne’s evidence shows that on one occasion he waited an hour before receiving his medication, this delay is insufficient to demonstrate deliberate indifference to a serious medical need. See McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir.1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (1997) (en banc) (“A finding that the defendant’s neglect of a prisoner’s condition was an ‘isolated occurrence,’ or an ‘isolated exception,’ to the defendant’s overall treatment of the prisoner ordinarily militates against a finding of deliberate indifference.”) (internal citations omitted); see also Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir.1980) (per curiam) (mere indifference, medical malpractice, or negligence will not support a cause of action under the Eighth Amendment).
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.