**Douglas R. BOESE, Plaintiff— Appellant,**

v.

**Robert PAUL, Contract Monitor, Crossroads Correctional Ctr; et al., Defendants—Appellees.**

No. 05–35478.

D.C. No. CV–02–00049–SEH/RMH.

United States Court of Appeals, Ninth Circuit.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Submitted May 15, 2006.*

Decided May 23, 2006.

Douglas R. Boese, Shelby, MT, pro se.

J. Daniel Hoven, Browning Kaleczyc Berry & Hoven, Valerie D. Wilson, Helena, MT, David M. McLean, Browning Kaleczyc Berry & Hoven, Missoula, MT, James E. Aiken, Robert B. Pfennigs, Jardine Stephenson Blewett & Weaver, PC, Great Falls, MT, for Defendants–Appellees.

Before B. FLETCHER, TROTT, and CALLAHAN, Circuit Judges.

## MEMORANDUM**

Douglas R. Boese, a Montana state prisoner, appeals pro se from the district court's summary judgment in favor of defendants in his 42 U.S.C. § 1983 action alleging deliberate indifference to his medical needs in the course of treating his migraine headaches. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Jones v. Blanas,* 393 F.3d 918, 926 (9th Cir.2004), and we affirm.

The district court properly granted summary judgment in favor of defendants, because the record shows that physicians at the Crossroads Correctional Center ("CCC") treated Boese's migraines with prescription drugs, and performed diagnostic tests that produced normal results. This evidence merely shows a difference of opinion between Boese and his treating physicians, which does not constitute an Eighth Amendment violation. *See Sanchez v. Vild,* 891 F.2d 240, 242 (9th Cir.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

1989). Moreover, Boese failed to present evidence that CCC staff acted with deliberate indifference by failing to transfer his medical records from his previous prison, because the record shows he received medical attention shortly after his arrival at CCC. *See Wood v. Housewright,* 900 F.2d 1332, 1334 (9th Cir.1990); *see also Broughton v. Cutter Labs.,* 622 F.2d 458, 460 (9th Cir.1980) (per curiam) (noting mere indifference, medical malpractice, or negligence will not support a cause of action under the Eighth Amendment).

**AFFIRMED.**