**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| RAYMOND PADILLA, | No. 09-15818 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-00171-RAM |
| v. | MEMORANDUM[*] |
| STATE OF NEVADA DEPARTMENT OF CORRECTIONS; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert A. McQuaid, Magistrate Judge, Presiding

Argued and Submitted January 16, 2013
San Francisco, California

Before: NOONAN, GRABER, and FISHER, Circuit Judges.

Plaintiff Raymond Padilla appeals the dismissal of his complaint.

Reviewing the dismissal de novo, Starr v. Baca, 652 F.3d 1202, 1205 (9th Cir.

2011), cert. denied, 132 S. Ct. 2101 (2012); Ramirez v. Galaza, 334 F.3d 850, 853

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

(9th Cir. 2003), and the denial of leave to amend for abuse of discretion, <u>Ramirez</u>, 334 F.3d at 854, we affirm in part, and reverse and remand in part.

1. Plaintiff's claims for injunctive relief from the conditions of his confinement at Ely State Prison are moot now that he has been transferred to Warm Springs Correctional Center. <u>Dilley v. Gunn</u>, 64 F.3d 1365, 1368–69 (9th Cir. 1995); <u>Johnson v. Moore</u>, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam); <u>Darring v. Kincheloe</u>, 783 F.2d 874, 876 (9th Cir. 1986). Thus, they were properly dismissed. But the case is not moot to the extent that Plaintiff seeks (a) injunctive relief for any <u>ongoing</u> effects of his Security Threat Group classification (such as inability in the <u>new</u> prison to earn money from a job) and (b) damages.

2. With regard to the non-moot claims for injunctive relief, the allegations are sufficient to survive a motion to dismiss. We are unaware of any case that requires a prisoner's claim for injunctive relief to allege the personal participation of the defendants or to "link" each specific defendant with an alleged constitutional violation.

3. With regard to the claim for damages, Plaintiff's allegations are sufficient against those who, according to his allegations, were personally responsible for his cell assignment: Greg Cox, E.K. McDaniel, Debra Brooks, Adam Endel, James Baca, Bill Donate, Christina Tripp, Robert Chambliss, Kay Weiss, Ms. Walsh,

2

Mark Drain, Harry Peltzer, Claud Willis, and Lorena Irvine. We are unaware of any case that requires a plaintiff to "link" each specific defendant to a particular action when the allegations against a group of defendants are adequate. As to the remaining Defendants, Plaintiff's allegations are inadequate because he has not plausibly alleged conduct for which supervisory officials may be held liable. See Moss v. U.S. Secret Serv., No. 10-36152, 2013 WL 674059, at *23 (9th Cir. Feb. 26, 2013) (listing the circumstances in which supervisors may be held liable under 42 U.S.C. § 1983). Thus, they were properly dismissed. But the district court abused its discretion in not permitting one more amendment to the complaint because, after telling Plaintiff that he had failed to allege sufficient facts to state a claim for supervisory liability, the court gave him only a single opportunity to replead, and Plaintiff was pro se. See Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (per curiam) ("[D]ismissal is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."). With the help of counsel, Plaintiff may be able to plead a due process violation adequately.

4. Because this case was dismissed on the pleadings, we must accept all allegations as true. Ramirez, 334 F.3d at 854. We express no opinion on the potential for success of any of the claims.

3

**AFFIRMED IN PART; REVERSED AND REMANDED IN PART.** The

parties shall bear their own costs on appeal.