19 F.3d 1441
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose L. Admiral ROSSELL, Plaintiff-Appellant,
v.
James P. McFADDEN, Deputy Warden, Arizona State
Prison-Florence, Special Management Unit,
Defendant-Appellee.
 No. 93-16967.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1994.*
Decided March 16, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arizona state prisoner Jose L. Admiral Rossell appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action against Deputy Warden James P. McFadden. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 The district court dismissed Rossell's complaint sua sponte before service of process. We construe this dismissal as one under 28 U.S.C. Sec. 1915(d), see Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989), and review for abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992).
 
 
 4
 Under section 1915(d), a district court may dismiss an in forma pauperis complaint before service of process if the court is satisfied that the action is frivolous. Id. at 1733. A complaint is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). In civil rights cases involving a pro se litigant, the court must construe the pleadings liberally, affording the litigant the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir.1988). If the litigant has an arguable claim, he is entitled to issuance and service of process. Jackson, 885 F.2d at 640 (citing Neitzke, 490 U.S. at 328-29).
 
 
 5
 In his complaint, Rossell alleges that the conditions of his confinement violate the Eighth Amendment's prohibition against cruel and unusual punishment.[1] Specifically, Rossell states that the lights in the cellblock are turned on daily from 4:30 a.m. to 10:00 p.m., and because he is unable to control the light-switch or to cover the light in his cell, his constitutional rights have been violated.
 
 
 6
 After reviewing Rossell's complaint, we are unable to conclude that his action has an arguable basis in law or in fact. See Neitzke, 490 U.S. at 325. There is no suggestion that Rossell has suffered a significant medical condition as a result of the lighting in his cell. Thus, even liberally construing Rossell's complaint, we cannot say that the district court abused its discretion by dismissing the complaint as frivolous. See Denton, 112 S.Ct. at 1734; Karim-Panahi, 839 F.2d at 623.
 
 
 7
 AFFIRMED.
 
 
 8
 FLETCHER, Circuit Judge, dissenting.
 
 
 9
 I respectfully dissent.
 
 
 10
 The district court may dismiss a pro se complaint without leave to amend only where "it is 'absolutely clear that the deficiencies ... could not be cured by amendment.' " Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987) (quoting Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir.1980) (per curiam)).
 
 
 11
 In his complaint, Rossell alleges that the conditions of his confinement violate the Eighth Amendment's prohibition against cruel and unusual punishment. Rossell alleged in his complaint that the constant electric lighting in his cell from 4:30 a.m. to 9:30 or 10:00 p.m. caused him "physical, mental, and emotional damages."
 
 
 12
 After reviewing Rossell's complaint, I am unable to conclude that the deficiencies of his complaint could not be cured by amendment. See Neitzke, 490 U.S. at 325; Noll, 809 F.2d at 1148. This court has held that "[a]dequate lighting is one of the fundamental attributes of 'adequate shelter' required by the Eighth Amendment." See Hoptowit v. Spellman, 753 F.2d 779, 783 (9th Cir.1985). Where prison lighting is too dim to permit reading, we have found an Eighth Amendment violation. Id. At the other extreme, where prison disciplinary cells were closed off by solid doors and constantly illuminated, we acknowledged a district court's decision finding the practice unconstitutional, but reversed the court's decision because the controversy had diminished to the point of nonexistence after the state agreed to install an intercom system or leave the cell doors open and "to modify its use of lighting in the cells." LeMaire v. Maass, Nos. 91-35249, 35557, slip op. 14435, 14466 (9th Cir. Dec. 23, 1993). Thus, Rossell's complaint appears to have an arguable basis in law and fact. See id. at 14448-49; Noll, 809 F.2d at 1448. Accordingly, I would remand to the district court with direction to it to allow Rossell to amend his complaint to state with more specificity the damage he suffers.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Rossell also alleges that the prison lighting system interfered with his ability to complete his "legal work." To the extent that Rossell is attempting to allege a "right of access to the courts" claim, we note that he must allege an "actual injury" consisting of a specific instance in which he was actually denied access to the courts. See Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989)