29 F.3d 633
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Darrell L. MAXEY, Plaintiff-Appellant,
v.
Alex M. ASTORGA; et al., Defendants-Appellees.
 No. 93-16952.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1994.*
Decided July 6, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Darrell Lavel Maxey appeals pro se the district court's grant of summary judgment in favor of the defendants. In his 42 U.S.C. Sec. 1983 action, Maxey alleged that the defendants were deliberately indifferent to his serious medical needs. The district court found that Maxey received medical care for his injury that far exceeded constitutional minimums. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 "A grant of summary judgment is reviewed de novo to determine, viewing the evidence in the light most favorable to the nonmoving party, whether there exist any genuine issue of material fact and whether the district court correctly applied the relevant substantive law." Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 (9th Cir.1990).
 
 
 4
 To defeat a summary judgment motion, the nonmoving party must come forward with evidence sufficient to establish the existence of any elements that are essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989).
 
 
 5
 Maxey contends that the district court erred in finding that the defendants were not deliberately indifferent to his serious medical needs. Maxey argues that the defendants improperly diagnosed his broken finger, delayed treatment, and provided inadequate treatment. This contention lacks merit.
 
 
 6
 To establish a section 1983 claim for failure to provide medical care, the prisoner must demonstrate that the defendants' "acts or omissions [were] sufficiently harmful to evidence a deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976); accord McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir.1992). "Such indifference may be manifested in two ways. It may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison officials provide medical care." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir.1988); see also Gamble, 429 U.S. at 104-05. The delay in medical treatment must have caused substantial harm. Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.1985); see also Gamble, 429 U.S. at 104. When a prisoner "alleges 'a mere delay of surgery,' a prisoner can make 'no claim for deliberate indifference unless the denial was harmful.' " McGuckin, 974 F.2d at 1060 (quoting Shapley, 766 F.2d at 407).
 
 
 7
 In addition, mere indifference, medical malpractice, or negligence will not support a cause of action under the Eighth Amendment. Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir.1980). Furthermore, a difference in medical opinion about treatment does not amount to a deliberate indifference to serious medical needs. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989).
 
 
 8
 The evidence proffered by Maxey and the defendants establish the following set of facts. On 5 July 1992, Maxey injured his right index finger while playing basketball. On that same day he was examined by prison medical personnel; Maxey's finger was placed in a splint and Maxey was provided with an ice pack. Two days later, on 7 July 1992, a doctor examined Maxey's finger and ordered x-rays. The x-rays confirmed that Maxey had a small avulsion fracture on his right index finger. Because this type of fracture heals naturally and does not require medical treatment, Maxey was not scheduled for further medical treatment.
 
 
 9
 On 12 August 1992, Maxey was examined when he was placed in administrative segregation. The medical technician noted the Maxey's right index finger was slightly swollen, but required no medical treatment. Maxey was examined again of 30 September 1992. The doctor ordered more x-rays and prescribed pain medication. The x-rays indicated a soft tissue swelling with calcification noted on the volar surface of the proximal mid-phalanx.
 
 
 10
 On 14 January 1993, an orthopedic specialist examined Maxey's finger and referred Maxey to physical therapy. Although the orthopedic specialist noted that Maxey might need soft tissue release surgery if physical therapy did not work, he also noted that it would take several months of physical therapy to observe any progress. Maxey completed seven physical therapy sessions.
 
 
 11
 On 12 March 1993, after complaining about a delay in medical treatment, Maxey was examined by another doctor. That doctor prescribed pain medication and referred Maxey back to the orthopedic specialist. On 15 April 1994, after a scheduling delay, Maxey was examined by the orthopedic surgeon, who recommended operative release. On 17 May 1993, Maxey underwent surgery to release extension contracture of the right index finger. There were no complications during surgery, and Maxey experienced positive results. On 24 May 1993, Maxey complained of an infection at the wound site and demanded removal of the sutures. On that same day, Maxey was examined by a doctor, who noted mild swelling, but not redness or discharge. The same doctor examined Maxey on 27 May, 2 June, and 8 June 1993. On 10 June 1993, Maxey was examined by another doctor, who ordered additional physical therapy.
 
 
 12
 Maxey's contention that the defendants misdiagnosed his injury and provided inadequate care fail to state a violation of the Eighth Amendment. This is nothing more than an allegation of medical malpractice, which will not support a cause of action under the Eighth Amendment. See Broughton, 622 F.2d at 460. To the extent that Maxey argues that he should have been provided with different medical care, we conclude that such a difference of opinion about medical treatment does not amount to deliberate indifference. See Sanchez, 891 F.2d at 242.
 
 
 13
 Maxey's contention that the defendants improperly delayed the surgery similarly fails. Maxey sustained a minor fracture which heals naturally and usually does not require medical treatment. Thus, while the defendants' decision to provide Maxey with conservative treatments may have delayed the eventual surgery, the delay did not cause substantial harm. See McGuckin, 974 F.2d at 1060; Shapely, 766 F.2d at 407.
 
 
 14
 Because the evidence proffered by both parties demonstrates that Maxey received adequate care, we conclude that the district court properly granted summary judgment in favor of the defendants.[1]
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent that Maxey contends that the district court granted summary judgment without granting him an adequate opportunity to conduct discovery, we conclude that the district court did not err
 Generally, we disfavor summary judgment where relevant evidence remains to be discovered. Klingele v. Eikenberry, 849 F.2d 409, 412 (9th Cir.1988). The nonmoving party has the burden of showing what material facts would be discovered that would preclude summary judgment. Id. However, if further discovery could not elicit evidence that would raise genuine issues of material fact, summary judgment would be appropriate. Id.
 Because the evidence proffered by both parties clearly demonstrates that Maxey received more than adequate medical care, further discovery would not elicit evidence that could raise a genuine issue of material fact. See id. Therefore, the district court did not err by granting summary judgment before Maxey had an opportunity to proffer all of his evidence. See id.