37 F.3d 1508
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Charles H. WYNN, Plaintiff-Appellant,
v.
Ron ANGELONE, Director Nevada Dept. of Prisons, et al.,
Defendants-Appellees.
 No. 94-15393.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 4, 1994.*
Decided Oct. 6, 1994.
 
 Before: BROWNING, FARRIS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles H. Wynn, a Nevada state prisoner, appeals pro se the district court's summary judgment for the defendants in Wynn's 42 U.S.C. Sec. 1983 action alleging that the defendants were deliberately indifferent to his serious medical needs. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 "A grant of summary judgment is reviewed de novo to determine, viewing the evidence in the light most favorable to the nonmoving party, whether there exist any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 (9th Cir.1990). To defeat a summary judgment motion, the nonmoving party must come forward with evidence sufficient to establish the existence of any elements that are essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
 
 
 4
 To establish a section 1983 claim for failure to provide medical care, the prisoner must demonstrate that the defendants' "acts or omissions [were] sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976); see also McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir.1992). "Such indifference may be manifested in two ways. It may appear when prison physicians deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir.1988); see also Gamble, 429 U.S. at 104-05. The delay in medical treatment must have caused substantial harm. Shaply v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.1985) (per curiam). In addition, a prisoner claiming deliberate indifference must allege facts sufficient to indicate a culpable state of mind on the part of the defendants. Wilson v. Seiter, 501 U.S. 294, 297 (1991).
 
 
 5
 Wynn contends that the district court erred by determining that the defendants were not deliberately indifferent to his alleged serious medical needs. This contention lacks merit.
 
 
 6
 In his complaint, Wynn alleged that the defendants prescribed Ibuprofen to him without providing proper instructions for its use or a warning of its possible side effects. Wynn also alleged that the defendants did not properly attend to his physical complaints that allegedly arose from his use of Ibuprofen. Finally, Wynn alleged that the defendants also were deliberately indifferent to his medical needs when he was transferred and required to take a 500-mile bus trip at a time when he was suffering from an alleged infection.
 
 
 7
 With respect to Wynn's allegations regarding the Ibuprofen prescription and the bus trip, these allegations show at most that the defendants either were negligent or committed malpractice because Wynn only asserts that the defendants treated his needs improperly. Mere indifference, medical malpractice, or negligence will not support a claim of deliberate indifference to serious medical needs. Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir.1980) (per curiam).[1]
 
 
 8
 Moreover, the district court correctly determined that, contrary to his allegations, Wynn received adequate treatment of his physical problems arising from his use of Ibuprofen. The record contains Wynn's affidavit that states he received continuous treatment of his medical needs. While Wynn may believe that he should have been treated differently, a difference of opinion does not give rise to an action for deliberate indifference to serious medical needs under 42 U.S.C. Sec. 1983. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989). Furthermore, even if the defendants were negligent or committed malpractice in treating Wynn, as stated above, this conduct does not support a cause of action for deliberate indifference. See Broughton, 622 F.2d at 460. Finally, Wynn failed to allege facts sufficient to indicate a culpable state of mind on the part of the defendants. See Wilson, 501 U.S. at 297.
 
 
 9
 For these reasons, the district court properly granted summary judgment for the defendants.[2]
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his opening brief, Wynn contends that he was required to make the bus trip as a result of a retaliatory action by defendant Charles Kilduff, M.D. Because this issue was not raised in district court, we do not consider it for the first time on appeal. See United States v. Reyes-Alvarado, 963 F.2d 1184, 1189 (9th Cir.), cert. denied, 113 S.Ct. 258 (1992)
 
 
 [2]
 In his reply brief, Wynn contends that the district court should have allowed him more discovery. This contention is deemed waived because Wynn failed to raise it in his opening brief. See Eberle v. City of Anaheim, 901 F.2d 814, 818 (9th Cir.1990)