48 F.3d 1228
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Joseph J. HAYES; Robert Shields, Plaintiffs-Appellants,
v.
Charles D. MARSHALL, et al., Defendant-Appellee.
 No. 94-15363.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 15, 1995.*
Decided Feb. 22, 1995.
 
 IN PART, VACATED IN PART AND REMANDED.
 Before: SCHROEDER, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joseph W. Hayes and Robert Shields, California state prisoners, appeal pro se the district court's sua sponte dismissal of their 42 U.S.C. Sec. 1983 action prior to issuance and service of process. Appellants allege that defendant prison officials violated their constitutional rights under the Eighth and Fourteenth Amendments by imposing various sanctions following a disciplinary hearing that they were not permitted to attend. The district court denied appellants' request to proceed in forma pauperis and dismissed their suit as frivolous under 28 U.S.C. Sec. 1915(d). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm in part, vacate in part, and remand.
 
 
 3
 We review a section 1915(d) dismissal for abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). "[A] district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." O'Loughlin v. Doe, 920 F.2d 614, 616 (9th Cir.1990) (citation omitted). A complaint is frivolous where it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 324 (1989).
 
 
 4
 * Eighth Amendment
 
 
 5
 Appellants contend that the district court abused its discretion by failing to address their Eighth Amendment claim. Appellants argued that the prison officials subjected them to cruel and unusual punishment by denying them use of electrical outlets for their appliances. This contention lacks merit.
 
 
 6
 The district court specifically found that the "de minimis" injuries appellants may have suffered were insufficient to violate the Eighth Amendment. See Wilson v. Seiter, 501 U.S. 294, 298 (1991) (Constitution does not mandate comfortable prisons). This finding is supported by the record. Thus, the district court did not abuse its discretion in dismissing appellants' claim as frivolous. See Neitzke, 490 U.S. at 324.
 
 II
 Due Process
 
 7
 Appellants next contend that the district court abused its discretion by dismissing their due process claim without allowing them an opportunity to amend their complaint. This contention has merit.
 
 
 8
 "A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies in the complaint could not be cured by amendment.' " Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987) (citing Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir.1980) (per curiam). In pro se civil rights cases, the court must liberally construe the pleadings. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988).
 
 
 9
 "[T]he Due Process Clause provides that certain substantive rights--life, liberty, and property--cannot be deprived except pursuant to constitutionally adequate procedures." Cleveland Board of Education v. Loudermill, 470 U.S. 532, 541 (1985). Thus, the Due Process Clause mandates that an individual be given "some kind of a hearing" prior to being deprived of any significant liberty or property interest. Id. at 542.
 
 
 10
 Here, appellants stated in their complaint that they were not allowed to attend their disciplinary hearing. Appellants were found guilty of violating a prison policy and were sanctioned with thirty days loss of good time credits, sixty days loss of their televisions, and ten days of confinement to their quarters.
 
 
 11
 The district court concluded that appellants "do not contest the hearing in any way." Liberally construed, however, appellants' complaint raises a due process claim. See Karim-Panahi, 839 F.2d at 623. In any event, the district court should have notified appellants of any deficiencies in their complaint and allowed them an opportunity to amend before dismissing their complaint. See Noll, 809 F.2d at 1448.[1]
 
 
 12
 AFFIRMED IN PART, VACATED IN PART AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellants also contend that the district court abused its discretion by dismissing their equal protection claim without addressing it. On remand, the district court should consider appellants' claim. See Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam) (district court should explain grounds for section 1915(d) dismissals to facilitate intelligent appellate review)