**HWE, INC., Plaintiff–Appellant,**

v.

**JB RESEARCH, INC., et al., Defendants–Appellees.**

No. 92–55028.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 6, 1993.

Decided May 17, 1993.

Michael A. Painter, Cooper Epstein & Hurewitz, Beverly Hills, CA, for plaintiff-appellant.

Morris S. Getzels, Malat, Malat & Getzels, Beverly Hills, CA, for defendants-appellees.

Before NOONAN and LEAVY, Circuit Judges, and TANNER *, Senior District Judge.

NOONAN, Circuit Judge:

HWE, Inc. (HWE) brought suit against JB Research, Inc., Hammacher Schlemmer, and Does I–X (all defendants here styled as JB) for appropriation of the trade dress of its massage table in violation of the Lanham Act, 15 U.S.C. § 1125(a) and Cal.Bus. & Prof. Code § 17200. JB counterclaimed. Finding that there was no factual dispute as to HWE's product's lack of non-functional design and lack of secondary meaning, the district court gave summary judgment for JB. We affirm.

## BACKGROUND

Since 1984 HWE has made a massage table sold under the name ACU–MASSAGE, a registered trademark. The table is sold through catalogues of stores such as The Sharper Image, Hammacher Schlemmer, and in-flight magazines. HWE also markets the table to chiropractors, health clubs, and professionals. It has sold approximately one thousand models a year at approximately $2,000 a table.

In 1990 JB began to manufacture a similar massage pad, called the Relaxor, a registered trademark. JB sells its pad through the Hammacher Schlemmer and Damark International catalogues and other publications, for a lower price, $350–$600.

In its brief HWE describes its table and marketing technique and JB's table and technique as follows:

(a) *Physical Appearance of ACU–MASSAGE Table*

(i) A black, rectangular base approximately 86″ in length, 25″ in width and 7″ in depth;

(ii) A uniform inset member which is disposed upon the base, the surface of the inset member being divided into a uniform pattern of adjacent rectangular panels;

(iii) Matching handles are secured to and extend outwardly from a side of the pad and, when the pad is folded for transporting, the handles are aligned for supporting the pad;

(iv) A hand-held controller extends from the mid-point of the pad and is adapted to be held by the user.

(b) *Marketing Techniques.*

A substantial percentage of advertising and promotional material illustrating Appellant's product constituted unique image advertising illustrating female models wearing workout clothing lying upon the pad and holding the controller in her hand.

2. *Elements of Trade Dress of Appellees' Relaxor Pad.*

(a) *Physical Appearance of Relaxor System*

(i) A black, rectangular pad approximately 77″ in length, 26″ in width and 4″ in depth;

(ii) The upper surface of the pad is divided into a uniform pattern of adjacent rectangular panels;

(iii) Matching handles are secured to and extended outwardly from a side of the pad and, when the pad is folded for transporting, the handles are aligned for supporting the pad;

(iv) A hand-held controller extends from the mid-point of the pad and is adapted to be held by the user.

(b) *Marketing Techniques*

Substantially all advertising and promotional material illustrating the Appellee's product employ photographs which illustrate female models wearing workout clothing lying upon the pad and holding the controller in her hand.

---

* The Honorable Jack E. Tanner, United States District Judge for the Western District of Washington, sitting by designation.

On April 4, 1991 HWE brought the present action. It wrote forty-one companies informing them of the suit and its basis. JB answered and counterclaimed seeking both damages and an injunction against HWE's interfering with JB's existing business relations and prospective economic advantage.

On June 9, 1991 the district court entered a preliminary injunction restraining HWE from writing its or JB's customers or potential customers about the instant litigation or threatening legal action as a result of buying JB's massage table. A motion for summary judgment followed.

The district court, having inspected the two tables and specimens of the advertising used to market them, made the following findings of fact. (We number and summarize findings made orally):

1. Each and all of the parts enumerated by HWE as part of its trade dress are functional. Specifically, "the hand-held controller is functional. Certainly the inset members are functional. And even the base seems functional because the base is the rigid thing at the bottom of plaintiff's product and that would seem to have a functional use by strengthening the surface upon which the user's back lies."

2. The whole is not so arranged as to make the whole non-functional. "There is nothing unique or beautifully created or artistically arranged in plaintiff's product." There is nothing distinctive in the external appearance of HWE's table that associates it with HWE.

The court held as a matter of law that on two grounds, (1) the absence of evidence of a nonfunctional trade dress and (2) the absence of evidence of secondary meaning, HWE had offered no material facts to dispute JB's motion for summary judgment, which it granted. JB's counterclaim was conditionally dismissed if the summary judgment was upheld on appeal.

HWE appeals. Its appeal appears to challenge not only the summary judgment but the preliminary injunction, an issue that becomes moot as the summary judgment is affirmed. HWE also grossly violated Cir.Ct. Rule 30–1.2(a)(iv) by failing to include in its Excerpt of Record the district court's findings of fact. JB has remedied this deficiency.

## ANALYSIS

The district court deliberately decided not to treat in summary judgment one element necessary to prove infringement of trade dress, namely likelihood of confusion, because it determined that HWE's proof failed to meet the other two requirements for such an action, non-functionality and secondary meaning. *See First Brands Corp. v. Fred Meyer, Inc.,* 809 F.2d 1378, 1381 (9th Cir. 1987).

██ As to non-functionality, the burden of proof is on the plaintiff, and it is a question of fact. *Rachel v. Banana Republic, Inc.,* 831 F.2d 1503, 1506 (9th Cir.1987). Reviewing the summary judgment de novo, we agree that HWE made no showing that its table had non-functional features or a nonfunctional arrangement. Each element of the ACU–MASSAGE, and their combination, was essential to the use of the table. "In general terms, a product feature is functional if it is essential to the use or purpose of the article or it affects the cost or quality of the article." *Inwood Laboratories, Inc. v. Ives Laboratories, Inc.,* 456 U.S. 844, 850 n. 10, 102 S.Ct. 2182, 2187 n. 10, 72 L.Ed.2d 606 (1982).

The Supreme Court has recently spoken on the question of trade dress, *Two Pesos, Inc. v. Taco Cabana, Inc.,* —— U.S. ——, ——, 112 S.Ct. 2753, 2760, 120 L.Ed.2d 615 (1992), holding that an "inherently distinctive trade dress" is protectable under the Lanham Act even though it has not acquired a secondary meaning. But the Court emphasized that "[o]nly nonfunctional, distinctive trade dress is protected." *Id.* The non-erroneous factual finding of the district court as to the functionality of HWE's product leaves its judgment undisturbed.

**AFFIRMED.**