29 F.3d 634
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William H. SEIWELL, III, Plaintiff-Appellant,
v.
Samuel A. LEWIS, et al., Defendants-Appellees.
 No. 93-17282.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1994.*
Decided July 6, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William Seiwell, an Arizona state prisoner, appeals pro se the district court's summary judgment in favor of the defendant prison officials in his 42 U.S.C. Sec. 1983 civil rights action. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and review de novo. Hopkins v. Andaya, 958 F.2d 881, 884 (9th Cir.1992). We affirm.
 
 
 3
 Seiwell contends that prison dental practitioners subjected him to cruel and unusual punishment in violation of the Eighth Amendment. This contention lacks merit.
 
 
 4
 A grant of summary judgment should be affirmed only if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989). To defeat a summary judgment motion, the nonmoving party must come forward with evidence sufficient to establish the existence of any elements that are essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Taylor, 880 F.2d at 1045. Conclusory allegations unsupported by factual data are insufficient to defeat a summary judgment motion. Taylor, 880 F.2d at 1045.
 
 
 5
 To show a violation of the Eighth Amendment, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. Hudson v. McMillian, 112 S.Ct. 995, 998 (1992); Estelle v. Gamble, 429 U.S. 97, 106 (1976). In addition, the Supreme Court has held that a prisoner must allege facts sufficient to indicate a culpable state of mind on the part of prison officials to demonstrate deliberate indifference. Wilson v. Seiter, 111 S.Ct. 2321, 2323 (1991). A difference of opinion about treatment does not amount to a deliberate indifference to serious medical needs. See Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989). Mere indifference, medical malpractice, or negligence will not support a cause of action under the Eighth Amendment. Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir.1980).
 
 
 6
 Seiwell's Eighth Amendment claim is founded on the following undisputed facts. On July 15, 1991 Seiwell was examined by a prison dentist at the Alhambra intake facility who determined that one of his teeth (tooth # 7) had an abscess formation. The exam was repeated in September 1991, at which time defendant Sparks at the Tucson prison treated another tooth (tooth # 8) and recommended a root canal on tooth # 7. On March 5, 1992, defendant Leavitt began the two-part root canal procedure on tooth # 7. When defendant Leavitt attempted to complete the procedure two weeks later, he concluded that the canal could not be negotiated due to unanticipated calcification and a perforation that could not be repaired. Leavitt also noted that tooth # 8 was in poor shape due to an abscess. Leavitt recommended pulling tooth # 7, but Seiwell refused this course of treatment. Leavitt then prescribed antibiotics and pain medication. The following July, Seiwell again complained about pain and was examined. An x-ray revealed an abscess and damage to the roots in both teeth. Seiwell did not consent to extraction. Later, Seiwell requested additional antibiotics which defendants denied due to the likelihood of complications that could occur with overexposure to antibiotics.
 
 
 7
 As the district court found, the record shows that Seiwell consulted with, and was examined and treated by defendants on numerous occasions. While Seiwell may have disagreed with the recommended treatment, this difference of opinion does not give rise to a claim for deliberate indifference under Sec. 1983. See Sanchez, 891 F.2d at 242. Further, even assuming the treatment Seiwell received was negligent or amounted to medical malpractice, such conduct does not rise to the level of deliberate indifference. See Broughton, 622 F.2d at 460. Seiwell has not alleged facts sufficient to indicate a culpable state of mind on the part of defendants sufficient to demonstrate deliberate indifference. See Wilson, 111 S.Ct. at 2323. Accordingly, the district court properly granted summary judgment in favor of the defendants. See Celotex, 477 U.S. at 322; Taylor, 880 F.2d at 1045.[1]
 
 
 8
 To the extent that Seiwell alleged pendent medical malpractice or negligence claims, the district court did not err in declining to retain jurisdiction over these claims because no federal cause of action remained. See Cook, Perkiss and Liehe, Inc. v. Northern Cal. Collection Serv. Inc., 911 F.2d 242, 247 (9th Cir.1990) (per curiam) (when all federal claims are dismissed before trial, court has discretion to dismiss state claims).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, the request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent Seiwell appeals the district court's denial of his preliminary injunction, such appeal is moot because the final judgment has been affirmed. See HWE, Inc. v. JB Research, Inc., 993 F.2d 694, 696 (9th Cir.1992)