48 F.3d 1227
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Thomas E. CREECH; Sheryl Creech, Plaintiffs-Appellants,
v.
Richard A. VERNON, Director of Idaho Department of
Corrections; Dave Paskett, Prison Administrator,
Idaho Department of Corrections; Arvon
J. Arave, Warden, IMSI,
Defendants-Appellees.
 No. 94-35196.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 7, 1995.
Decided Feb. 23, 1995.
 
 Before: SKOPIL, HALL, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Thomas E. Creech and Sheryl Creech appeal the denial of preliminary injunctive relief and the entry of summary judgment upholding prison officials' decision not to allow the couple's requests for noncontact visits. The Creeches contend that the prison policy violates rights established by state law and the first and fourteenth amendments.
 
 
 3
 We have carefully reviewed the magistrate judge's decision rejecting these contentions, and we fully agree with his conclusions. The magistrate judge applied the correct standard to test the prison's policy. See Turner v. Safley, 482 U.S. 78, 89 (1987); Casey v. Lewis, 4 F.3d 1516, 1520 (9th Cir.1993). The court correctly ruled that Sheryl Creech's rights are corollary to those of her husband for the purpose of analyzing her rights to visit him in prison. See Thornburgh v. Abbott, 490 U.S. 401, 410 n. 9 (1989). The magistrate judge did not rely on any improper evidence in ruling on the motion for summary judgment.
 
 
 4
 For the reasons explained by the magistrate judge in his written order and opinion, we affirm the entry of summary judgment. It is not necessary for us to consider the denial of injunctive relief. See HWE, Inc. v. JB Research, Inc., 993 F.2d 694, 696 (9th Cir.1993) (denial of preliminary injunction is rendered moot by affirming grant of summary judgment). Finally, we reject the Creeches' suggestion that their state law claims be certified to the Idaho Supreme Court. See In re McLinn, 744 F.2d 677, 681 (9th Cir.1984) (certification is discretionary and should be limited to compelling situations).
 
 
 5
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3