67 F.3d 307
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
HWE, INC., Plaintiff-Counter-Defendant-Appellant,
v.
JB RESEARCH, INC.; Hammacher Schlemmer,
Defendants-Counter-Claimants-Appellees.
 No. 93-56555.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 5, 1995.
Decided Sept. 22, 1995.
 
 1
 Before: D.W. NELSON and CANBY, Circuit Judges; TANNER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 HWE, Inc. appeals the district court's award of attorneys' fees to JB Research, Inc., pursuant to Section 35 of the Lanham Act as amended, 15 U.S.C. Sec. 1117(a), following our affirmance of the district court's grant of summary judgment to JB Research in HWE, Inc. v. JB Research, Inc., 993 F.2d 694 (9th Cir.1993) ("HWE I"). We have jurisdiction over this timely filed appeal, and we affirm.
 
 
 4
 We review an award of attorneys' fees under the Lanham Act for abuse of discretion. Transgo, Inc. v. Ajac Transmission Parts Corp., 768 F.2d 1001, 1026-27 (9th Cir.1985), cert. denied, 474 U.S. 1059 (1986). We do not overturn a district court's findings of fact unless they are clearly erroneous. Id. at 1022.
 
 
 5
 Our review of the record reveals that substantial evidence supported the district court's conclusion that this qualifies as an "exceptional" case under the Lanham Act provision for the award of attorney fees. 15 U.S.C. Sec. 117(a) (providing that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party"). We uphold a trial court's attorneys' fee award when the party's acts "constitute[ ] extraordinary, malicious, wanton, and oppressive conduct." U-Haul International, Inc. v. Jartran, Inc., 793 F.2d 1034, 1043-44 (9th Cir.1986).
 
 
 6
 The court based its conclusion of an exceptional case on several grounds. First, it determined that HWE litigated the case as a competitive ploy "in a fashion calculated to create the maximum harm to the defendant and its business prospects." The court held that HWE filed and litigated its suit against JB Research in "bad faith vexatiousness" in order to harass the small, new company and to drain its resources, thus clearing the way for HWE's own introduction of a new, low-priced product. There is no dispute that HWE introduced a product similar to JB Research's product after commencing suit against JB Research and after sending the letter informing its clients about its litigation with JB Research. The court also noted that HWE conducted its motion and discovery practices to cause expense and delay for JB Research. For example, HWE conducted depositions in New Hampshire only two days after taking a deposition in San Francisco. Although HWE claimed that the depositions were necessary to defend the motion for summary judgment, the questions focussed on the letter that was the subject of JB Research's counterclaim and none of the deposition testimony was used in opposing the summary judgment motion. We conclude that the district court's finding regarding the purposes and methods of HWE's conduct of this litigation is not clearly erroneous.
 
 
 7
 Second, the court concluded "that there was a total lack of merit in the complaint" because the plaintiff provided no evidence to support the necessary prima facie elements of functionality and secondary meaning. We earlier affirmed the district court's grant of summary judgment based on an absence of evidence regarding functionality and secondary meaning. See HWE I, 993 F.2d at 696. HWE's assertion that a mere simulacrum of evidence of customer confusion is sufficient to establish a colorable claim and avoid an attorney fee award is meritless. HWE presented only the Colton affidavit that might be interpreted to indicate a wholesaler's confusion about the actual cost of HWE's product. Colton indicated that, upon receipt of an advertisement for JB Research's product after its purchase of HWE's product, he attempted to negotiate a lower repair cost for the HWE product. However, there is no evidence in the record of buyer confusion as to source at the point of purchase. See Transgo, 768 F.2d at 1015-1016 (discussing "buyer confusion"); American Scientific Chem., Inc. v. American Hosp. Supply, 690 F.2d 791, 793 (9th Cir.1982) (considering evidence of actual confusion among customers, suppliers, and others as one indicator of secondary meaning); North American Aircoach Systems, Inc. v. North American Aviation, Inc., 231 F.2d 205, 213 (9th Cir.1955) (discussing confusion as to source in the mind of the public desiring to obtain air transportation), cert. denied, 351 U.S. 920 (1956); see also Walt Disney Productions v. Air Pirates, 581 F.2d 751, 760 (9th Cir.1978) (under California's unfair competition law, finding that plaintiffs must prove a likelihood of confusion by purchasers as to source), cert. denied, 439 U.S. 1132 (1979). A solitary incident of a repair cost dispute is insufficient as a matter of law to support a trade dress claim. See, e.g., Norm Thompson Outfitters, Inc. v. General Motors Corp., 448 F.2d 1293, 1297 (9th Cir.1971) (finding that six complaint letters indicating confusion regarding the source of a slogan were too few to have any value in establishing secondary meaning for the slogan).
 
 
 8
 HWE's counterargument that it filed its complaint in good faith in reliance on counsel's advice is unavailing. HWE presented only its counsel's post-summary-judgment declaration that, at the time counsel prepared the complaint, counsel thought that the facts and law would support a finding of infringement. However, there is no declaration or other indication that HWE relied on counsel's assessment in deciding to pursue the case. In fact, HWE's counsel indicated at one point that he filed the complaint only after he was instructed to do so by his client. In addition, HWE's president and vice-president admitted at their depositions that they were aware that there were no consistent advertising features; thus, HWE could not reasonably rely on legal advice that alleged consistent advertising to support a claim of non-functionality and secondary meaning. Finally, even assuming arguendo that HWE relied on its counsel's advice in initially deciding to pursue the case, such reliance cannot justify the use of litigation to coerce economically a small competitor. We conclude, therefore, that the district court's determination that there was no evidence that HWE had a good faith belief in the merit of its complaint is not clearly erroneous.
 
 
 9
 The district court's conclusion that HWE engaged in obviously meritless litigation in bad faith as a competitive ploy to harass a competitor and to prepare the way for a lower-priced HWE product satisfies the "extraordinary, malicious, wanton, and oppressive" conduct standard for an exceptional case meriting the awarding of attorneys' fees under the Lanham Act. See U-Haul, 793 F.2d at 1043-44. Because we affirm the district court's conclusion that this litigation was undertaken in oppressive bad faith, we need not consider whether a lower threshold of conduct would entitle defendants to attorneys' fees under 15 U.S.C. Sec. 1117(a).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3