**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

MAR 08 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| ANTOINE D. JOHNSON, | No. 08-35869 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-05336-BHS |
| v. | |
| WILLAPA HARBOR HOSPITAL DISTRICT #2; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted February 16, 2010**

Before:    FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Antoine D. Johnson, an African-American medical doctor, appeals pro se

from the district court's summary judgment for Willapa Harbor Hospital District

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

GT/Research

#2 ("Hospital") in his federal action alleging race discrimination in employment and violations of the Due Process Clause arising out of the Hospital's decision to end Johnson's courtesy staff privileges. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Vasquez v. County of Los Angeles*, 349 F.3d 634, 639 (9th Cir. 2003), and may affirm on any ground supported by the record, *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1047 (9th Cir. 2009). We affirm.

Summary judgment was proper on the disparate treatment claim because, even assuming that Johnson established a prima facie case, he failed to raise a triable issue that the Hospital's legitimate, nondiscriminatory reason for its decision was pretext for racial discrimination. *See Vasquez*, 349 F.3d at 642 (affirming summary judgement for employer on Title VII claim of disparate treatment because "even assuming that [plaintiff] could establish his prima facie case, his claim would fail because he could not show that [defendant's] reason was a pretext for discriminatory intent.").

Summary judgment was proper on the Due Process Clause claim because no hearing was required since the Hospital never enforced its initial decision to end Johnson's privileges, but reversed itself and continued Johnson's privileges. *See Lockary v. Kayfetz*, 908 F.2d 543, 548 (9th Cir. 1990) ("Due process requires an opportunity for notice and a hearing prior to the deprivation of a significant

property interest.  We reject the [plaintiffs'] procedural due process claim because the [relevant state action] did not deprive them of a property interest.") (quotation marks and citation omitted).

Because we affirm summary judgment, Johnson's contentions concerning the denial of injunctive relief are moot.  *See HWE, Inc. v. JB Research, Inc.*, 993 F.2d 694, 696 (9th Cir. 1993) (explaining that "preliminary injunction . . . issue . . . becomes moot as the summary judgment is affirmed.").

We do not consider new issues raised on appeal by Johnson.  *See Turnacliff v. Westly*, 546 F.3d 1113, 1120 (9th Cir.2008) (declining to consider a new issue on appeal).  Nor do we review the district court's summary judgment on any claims concerning which Johnson failed to develop any argument in his opening brief.  *See Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992) (issues raised in pro se litigant's brief but not supported by argument deemed waived).

Johnson's remaining contentions are unpersuasive.

**AFFIRMED**.