NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 29 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELIAS OBIDI UDECHIME,<br><br>                   Plaintiff-Appellant,<br><br>  v.<br><br>COUNTY OF MARICOPA, Municipal<br>Corporation at County Jail; PAUL<br>PENZONE, Sheriff at Maricopa County,<br><br>               Defendants-Appellees. | No. 20-16824<br><br>D.C. No. 2:18-cv-03558-SRB-MHB<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted April 20, 2021**

Before: THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.

Elias Obidi Udechime appeals pro se from the district court's summary

judgment in his 42 U.S.C. § 1983 action alleging Fourteenth Amendment

violations arising from his pretrial detention in the Maricopa County Lower

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Buckeye Jail. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's decision on cross-motions for summary judgment. *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011). We may affirm on any basis supported by the record. *Enlow v. Salem-Keizer Yellow Cab Co., Inc.*, 389 F.3d 802, 811 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment for defendants on Udechime's claims based on the conditions of his confinement in Administrative Restrictive Housing ("ARH") because Udechime failed to raise a genuine dispute of material fact as to whether confinement in his cell for approximately 23 hours per day, with one hour per day of dayroom access and four additional hours per week of recreation time, was for the purpose of punishment. *See Bell v. Wolfish*, 441 U.S. 520, 540 (1979) ("Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting . . . ."); *see also Pierce v. County of Orange*, 526 F.3d 1190, 1208 (9th Cir. 2008) (affirming district court order requiring two hours exercise per week).

Summary judgment for defendants on Udechime's claims based on his placement in ARH was proper because Udechime failed to raise a genuine dispute of material fact as to whether his placement in ARH, even if he did not consent to it, resulted from a governmental policy or practice, or that he was denied

procedural due process as a result of a governmental policy or practice. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (a suit against a government employee in his official capacity is a suit against the government entity the individual represents); *Castro v. County of Los Angeles*, 833 F.3d 1060, 1073-76 (9th Cir. 2016) (en banc) (discussing requirements to establish liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978)).

Because we affirm the grant of summary judgment, it is not necessary to consider the denial of injunctive relief. *See HWE, Inc. v. JB Research, Inc.*, 993 F.2d 694, 696 (9th Cir. 1993) (denial of preliminary injunction is rendered moot by affirming grant of summary judgment).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**