51 F.3d 280
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marjorie A. GROCE, Plaintiff-Appellant,
v.
C. Armando DE LEON, individually and in his official
capacity as a Judge of the Arizona Superior Court,
Defendant-Appellee.
 No. 94-15843.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1995.*
Decided April 4, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Marjorie A. Groce appeals pro se the district court's sua sponte dismissal of her 42 U.S.C. Sec. 1983 action as frivolous under 28 U.S.C. Sec. 1915(d). Groce alleged that C. Armando de Leon, an Arizona superior court judge, violated Groce's due process and equal protection rights under the Fourteenth Amendment by prohibiting an assistant from sitting next to Groce during her trial. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Groce contends that the district court erred by dismissing her action as frivolous under 28 U.S.C. Sec. 1915(d) because there exists an arguable basis in law for her claim. This contention lacks merit.
 
 
 4
 We review for abuse of discretion the district court's dismissal of an action as frivolous pursuant to 28 U.S.C. Sec. 1915(d). Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). Section 1915(d) authorizes the district court to dismiss an in forma pauperis complaint if it is satisfied that the action is frivolous. See Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous within the meaning of section 1915(d) if "it lacks an arguable basis in law or in fact." Id. at 325. A pro se complaint, however, is held to less stringent standards than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se litigant "must be given an opportunity to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.' " Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987) (quoting Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980) (Per Curiam)).
 
 
 5
 Here, Groce alleged in her complaint that de Leon violated Groce's due process and equal protection rights by treating her differently from an attorney at her civil trial.[1] Groce claims that an attorney is permitted to have non-attorney assistants sit at counsel's table during trial in the superior court. Groce argues that pro se litigants, who are not attorneys, should be afforded the same opportunity. We reject Groce's arguments as frivolous. Groce cites no authority, nor are we aware of any, that supports her due process or equal protection claims. Accordingly, the district court did not err by dismissing Groce's arguments as frivolous because her claims lack an arguable basis in law.[2] See Neitzke, 490 U.S. at 325.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Groce challenged several traffic citations in an Arizona superior court
 
 
 [2]
 The district court properly denied Groce's motion for a new trial, which it treated as a motion for reconsideration, because Groce failed to allude to any recognized grounds for granting such a motion. See Fed.R.Civ.P. 59(e), 60(b); Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir.1985)